■ In the Matter of MEADOFF'S EMPLOYMENT AGENCY, Petitioner, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of the Industrial Commissioner finding petitioner in violation of sections 174 and 176 of the General Business Law. A complaint was filed against petitioner with the Employment Agency Unit of the New York State Department of Labor by one of petitioner's competitors, the Louis Employment Agency, Inc. The complaint alleged that petitioner engaged in repeated solicitation of men in New York City to work in resort hotels in the Catskills. The notice sent to petitioner, summoning him to a hearing pursuant to section 189 of the General Business Law, reiterated the essence of the complaint and notified petitioner that if the charges were sustained he may be found to be in violation of section 174 of the General Business Law and be subject to the provision of subdivision 5 of section 189 of the General Business Law. The notice further advised petitioner of his right to counsel. The hearing officer found that the allegations of the complaint were sustained and that petitioner was conducting a business at a place other than the one designated in his license in violation of section 176 of the General Business Law and found, also, that the agency was not conducted in a manner consistent with good character and responsibility. The Industrial Commissioner affirmed the findings of the hearing officer, but modified the penalty by imposing a fine of $250. The petitioner contends that the record does not support a finding of a violation of the General Business Law. We disagree. The record amply documents and supports by substantial evidence the finding that petitioner was in violation of section 176 of the General Business Law in that evidence disclosed that the agency was licensed to perform its function in Monticello, New York, but was doing a large part of its work at another location, namely, New York City. Petitioner contends further that the finding that petitioner violated section 174 of the General Business Law is unjustified as that section deals only with prelicensing requirements and is not relevant to acts committed thereafter. We disagree. Subdivision 5 of section 189 of the General Business

Law, as amended in 1975, refers to after-licensing disciplinary proceedings and states in pertinent part: "Following such hearing if it has been shown that the licensed person or his agent, employee or anyone acting on his behalf is guilty of violating any provision of this article or *is not a person of good character and responsibility,* the commissioner may suspend or revoke the license of such licensed person and/or levy a fine against such licensed person for each violation not to exceed five hundred dollars." (Emphasis added.) We conclude that the requirements of good character and responsibility were ongoing and the right to maintain one's license required conduct of business in conformity with such criteria. What should be deemed "lack of good character and responsibility", both inherently flexible terms, has been left to the discretion of the Industrial Commissioner by the Legislature. On the examination of the record as a whole, we find that there is substantial evidence to sustain this finding. Petitioner challenges, also, the propriety of the proceedings in that complainant's private counsel presented the evidence, rather than counsel for the department or the Attorney-General. We find nothing in these proceedings to be in derogation of petitioner's rights so as to justify their annulment on these grounds. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.